Lokesh Wuluvarana,

      Plaintiff,

    v.

John Does #1-3,

      Defendants.

Case No. 2022-CV-00982

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY ORDER

This present action arises out of a cryptocurrency scam where Defendant John Doe #1-3 ("Does") thoroughly exploited Plaintiff through an online cryptocurrency trading website, CoinDexEC, which they owned, operated, and controlled.

Does, directly or through an agent, electronically solicited Plaintiff and other unsuspecting cryptocurrency investors to send cryptocurrency to CoinDexEC and make trading transactions through CoinDexEC. Doe #1, an individual using the alias of Anthony Crown, directly communicated with Plaintiff on Telegram on behalf of CoinDexEC to make false representations of safe and lucrative returns on his investment, causing Plaintiff to transfer cryptocurrency of significant monetary value ("assets") to CoinDexEC when these assets were not actually being traded or invested, but rather simply being stolen by Does. However, his continued misrepresentations to Plaintiff regarding the

1

growing value of his CoinDexEC trading portfolio caused Plaintiff to keep sending his assets to serve as seed money for more trading transactions. When Plaintiff tried to withdraw his assets from the CoinDexEC trading portfolio, Doe #1 simply disappeared, and the CoinDexEC website shut down.

As alleged in the accompanying Complaint, this fraudulent scheme has caused Plaintiff to transfer a total of 5.66 Bitcoin ("BTC") and 70.14 Ethereum ("ETH") to Does.

Thereafter, Plaintiff engaged a professional cryptocurrency tracing and investigative firm, Coinstructive, to trace the whereabouts of the BTH and ETC that had been sent out from Plaintiff's personal cryptocurrency wallets and deposited into the addresses that were provided to Plaintiff on the CoinDexEC website and are owned, operated, and controlled by Does. The firm has successfully traced a substantial portion of Plaintiff's assets through accounts held at Coinbase, Binance and Gemini ("exchange accounts"), centralized cryptocurrency exchange platforms that require personal identification documents for the accountholders. **Exhibit A** (Declaration of Chris Groshong).

Plaintiff requests an order permitting Plaintiff to engage in expedited discovery from Coinbase, Binance and Gemini for documents and information pertaining to Does. Plaintiff needs Coinbase, Binance and Gemini to identify the accountholders of the Coinbase, Binance and Gemini accounts (*e.g.*, name, physical address, mailing/contact address),

2

so that he can properly name Does in this lawsuit, serve Does, and provide due notice to Does. Plaintiff's proposed subpoenas are attached as **Exhibit B**.

Federal courts have broad power to require early document production and to permit expedited discovery. Fed. R. Civ. P. 26(d), 30(b) & 34(b). *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In the Eastern District of Wisconsin, courts have applied the *Notaro* standard, which requires the movant [to] demonstrate four elements to help the court decide whether to allow an expedited discovery schedule: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted. *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009) (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)); *see also Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2009 WL 1249294, at *1 (E.D. Wis. May 6, 2009).

Moreover, "[c]ourts allow discovery to identify Doe defendants, and courts allow expedited discovery where good cause is shown." *Pioneer Hi-Bred Int'l, Inc. v. Does*, Case No. 12-06046-cv-SJ-DGK, 2012 WL 12910607, at *1 (W.D. Mo. May 18, 2012) (granting expedited discovery from non-party to identify Doe Defendants' identities). "Under the good

3

cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to [the] responding party." *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Plaintiff will suffer irreparable injury if expedited discovery is not granted. The assets could be moved about to locations out of reach of the jurisdiction of US courts. Plaintiff is also likely to succeed on the merits as he was scammed as detailed in the Complaint. There is no defense to the plain theft that Plaintiff experienced. Expedited discovery will allow Plaintiff to avoid the irreparable injury of forever losing his assets into oblivion because the information Coinbase, Binance and Gemini have regarding Does will permit Plaintiff to identify Does and employ appropriate legal measures, including identifying and issuing third-party subpoenas on any other cryptocurrency exchange, wallet operator, or financial institution to which Plaintiff's assets may have been further transferred, seeking asset freeze orders, and even alerting appropriate government agencies.

Plaintiff's injury without expedited discovery will be greater than injury that the Does would suffer with expedited discovery. Defendants are not even asked to produce anything. Rather, third parties are being issued subpoenas.

Additionally, the discovery Plaintiff seeks is narrowly drawn and focused solely on Does' identities and the accounts Does owned,

operated, or controlled, wholly or in part, as those accounts pertain to the central issues in dispute in the Complaint. Coinbase, Binance and Gemini are already in possession, custody, and control of this information because federal law requires them to keep Know-Your-Customer documents relating to their accountholders. This information should be readily accessible by Coinbase, Binance and Gemini. Furthermore, at this preliminary stage, Plaintiff's expedited discovery efforts are not related to monetary damages or any issues beyond those that must be resolved.

There is no burden on Does. Expedited discovery would actually serve to fulfill Does' right to due process in defending themselves—once they appear in this matter—against Plaintiff's claims of, among other things, conversion and civil conspiracy.

Plaintiff is conscious of the inherent burden of discovery. Therefore, Plaintiff has already drafted a narrowly tailored subpoena to be served upon Coinbase, Binance and Gemini, respectively, that set forth the requests which he intends to employ to ensure the full, fair, and efficient development of the record necessary to adjudicate the issues. To the extent Coinbase, Binance and Gemini's documents and information identify any third parties from which Plaintiff could obtain additional relevant information, Plaintiff will also expeditiously serve narrowly focused subpoenas.

**Conclusion**

5

For the foregoing reasons, Plaintiff Lokesh Wuluvarana respectfully requests that this Court enter an Order permitting expedited discovery.

Respectfully submitted,

Dated: September 19, 2022

/s/Michael D. Haeberle
Michael D. Haeberle
1437 N. Prospect Ave., Suite 203
Milwaukee, WI 53202
Phone: 414-840-8001
WI Bar No. 1104367
mhaeberle@pattersonlawfirm.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

Lokesh Wuluvarana,

        Plaintiff,

    v.

John Does #1-3,

        Defendants.

Case No.

**DECLARATION OF CHRIS GROSHONG**

I, Chris Groshong, a resident of California, declare as follows:

1.    Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the following:

2.    I am the President of Coinstructive, a national cryptocurrency analysis and investigative firm. I am trained and experienced in blockchain analysis and tracing. My firm employs various blockchain analysts and investigators who are trained and experienced in cryptocurrency transaction analysis and cryptoasset tracing.

3.    Cryptocurrency is traceable through unique transaction IDs and other identifying marks.

4.    Plaintiff retained my firm in order to trace the whereabouts of his cryptocurrency in certain transactions he suspected to be fraudulent.

5.    Based on the information provided by Plaintiff, between August 28 and October 15, 2020, Plaintiff conducted several transactions of

1

cryptocurrency, transferring a total 5.66 Bitcoin ("BTC") and 70.14 Ethereum ("ETH") from his personal wallets to various wallet addresses.

6.     The addresses to which Plaintiff transferred his assets are private wallet addresses. These addresses do not appear to be trading or investment wallets, but rather as mere shell intermediaries that acted as a conduit. These addresses received various assets from other sources, pooled them together, and transferred them out to other addresses.

7.     Plaintiff's assets were eventually located in 12 different addresses tied to exchange accounts at regulated centralized cryptocurrency exchange platforms: Coinbase, Binance, and Gemini.

8.     The following addresses were addresses where funds passed through after being sent from Plaintiff's address which may therefore provide information about the identity of the person or persons who interacted with Plaintiff to obtain his cryptocurrency, and appear to be associated with the following exchanges:

| Coinbase | 3AnzCwQhT8LZ1irPTyC8YQgJeSQT9aHFDQ |
|---|---|
| Coinbase | 3ARQdKdYt4QLpNvzhqWeEErqKaNe8W3yKE |
| Coinbase | 3KXZGE7wfWaGH6zSsKx4nsQQRkSoo59Fcj |
| Coinbase | 3PxonCwG3E4hm3dTFe5GPQ6Tii36sfcxjk |
| Coinbase | 3EWJrNFpkLqW6sphgzaRjv7WGZr225bcCt |
| Coinbase | 3Hyxm1Ek1CJkgoZkhmcpAxc7o7U6S84KUr |
| Coinbase | 395siPfxf1NBMdDXJ9WKo789ESewtb5LWW |
| Possible Coinbase | 38B1ozpRKdbZfA5Bd4oZALSPQsetTFJYyV |
| Possible Coinbase | 37stcniTxrAuEPnjJ7kStmuLQ1w24cMvaQ |
| Possible Coinbase | 37TAkodSiHHdVKZBR4ixq7faDN87ckjxHv |
| Possible Coinbase | 39N2sTV7EuASarb22CJ4DpW48xdM4Mdh3s |

| | |
|---|---|
| Possible Coinbase | 342pTCekEy5kMbBQjygjhdsQLpQZDYF1f2 |
| Possible Coinbase | 39dSnmChRW8H7QkrGqfM4h8owTHUuYazLq |
| Binance | 1HXPK3k2AAsc2srFAvBnanJVsf6JRUxFSo |
| Binance | 15WGV3Zy6B4Jgct1fXYBfehCTaAGtVrXmH |
| Binance | 193CWFbYVNtHEoSxiiHiiL5xE7HUqDdRo7 |
| Binance | 0x3f5ce5fbfe3e9af3971dd833d26ba9b5c936f0be |
| Binance | 0xb60eef65f6aba2dba8d8d0a81e3e836c1709fddc |
| Binance | 0x057ad2a4b1b9683099bc4909cf79a8a8d0cdd6be |
| Possible Binance | 0x98729c89f97801ea2703ed4471351b5e2ff2d192 |
| Possible Binance | 1J2t4iP7ScBtQsr6rytzhPjt9GNMoPbxFV |
| Possible Binance | 17RKwBetbRAz1LPSJuXFWJYVZrZsGA5L2M |
| Possible Binance | 143o1WMD8wCMP8XuGW6c7auxo7nGxRkng1 |
| Gemini | 0xd24400ae8bfebb18ca49be86258a3c749cf46853 |
| Gemini | 0x5f65f7b609678448494De4C87521CdF6cEf1e932 |
| Possible Gemini | 0x6a6cc09efe9746d07d78b3d9937a88ad4f65a734 |

9.     All of my opinions contained in this declaration are to a reasonable degree of professional certainty.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Christopher Groshong*
Chris Groshong

3

# EXHIBIT B

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| Lokesh Wuluvarana | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No. |
| John Does 1-3 | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                Coinbase, Inc.

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Patterson Law Firm, 200 West Monroe Street, Suite 2025 Chicago, Illinois 60606 | Date and Time: |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    GINA M. COLLETTI
                    _CLERK OF COURT_
                                          OR

_____             _____
_Signature of Clerk or Deputy Clerk_                   _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                              *Server's signature*

                                                        _____
                                                              *Printed name and title*

                                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Subpoena Rider – Coinbase**

1. All documents regarding, reflecting, recording, or memorializing account opening and closing, including the account owners' actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Coinbase for the accounts associated with the Wallet Addresses (defined below).

2. All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding), and account holdings, including but not limited to transactions into or out of the following wallet addresses (the "Wallet Addresses").
   - 3AnzCwQhT8LZ1irPTyC8YQgJeSQT9aHFDQ
   - 3ARQdKdYt4QLpNvzhqWeEErqKaNe8W3yKE
   - 3KXZGE7wfWaGH6zSsKx4nsQQRkSoo59Fcj
   - 3PxonCwG3E4hm3dTFe5GPQ6Tii36sfcxjk
   - 3EWJrNFpkLqW6sphgzaRjv7WGZr225bcCt
   - 3Hyxm1Ek1CJkgoZkhmcpAxc7o7U6S84KUr
   - 395siPfxf1NBMdDXJ9WKo789ESewtb5LWW
   - 38B1ozpRKdbZfA5Bd4oZALSPQsetTFJYyV
   - 37stcniTxrAuEPnjJ7kStmuLQ1w24cMvaQ
   - 37TAkodSiHHdVKZBR4ixq7faDN87ckjxHv
   - 39N2sTV7EuASarb22CJ4DpW48xdM4Mdh3s
   - 342pTCekEy5kMbBQjygjhdsQLpQZDYF1f2
   - 39dSnmChRW8H7QkrGqfM4h8owTHUuYazLq

3. All transactional logs for all activity in the Coinbase account(s) associated with the Wallet Addresses, including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

4. All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by Coinbase that the account at Coinbase to which the Wallet Address is linked was linked to or associated with any other Exchange account(s).

5. Correspondence exchanged by and between Coinbase and the owner of the Wallet Addresses.

6. Correspondence exchanged by and between Coinbase and any third-party concerning or relating to the Wallet Addresses. NOTE: The requested correspondence is not to include

any Suspicious Activity Reports (SARs) filed by Coinbase with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | | |
|---|---|---|
| Lokesh Wuluvarana | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| John Does 1-3 | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Binance Holdings, Ltd.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Patterson Law Firm,<br>    200 West Monroe Street, Suite 2025<br>    Chicago, Illinois 60606 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                        GINA M. COLLETTI
                        *CLERK OF COURT*
                                                OR

    _____          _____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

  **(i)** is a party or a party's officer; or

  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Subpoena Rider – Binance**

1. All documents regarding, reflecting, recording, or memorializing account opening and closing, including the account owners' actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Binance for the accounts associated with the Wallet Addresses (defined below).

2. All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding), and account holdings, including but not limited to transactions into or out of the following wallet addresses (the "Wallet Addresses").
   - 1HXPK3k2AAsc2srFAvBnanJVsf6JRUxFSo
   - 15WGV3Zy6B4Jgct1fXYBfehCTaAGtVrXmH
   - 193CWFbYVNtHEoSxiiHiiL5xE7HUqDdRo7
   - 0x3f5ce5fbfe3e9af3971dd833d26ba9b5c936f0be
   - 0xb60eef65f6aba2dba8d8d0a81e3e836c1709fddc
   - 0x057ad2a4b1b9683099bc4909cf79a8a8d0cdd6be
   - 0x98729c89f97801ea2703ed4471351b5e2ff2d192
   - 1J2t4iP7ScBtQsr6rytzhPjt9GNMoPbxFV
   - 17RKwBetbRAz1LPSJuXFWJYVZrZsGA5L2M
   - 143o1WMD8wCMP8XuGW6c7auxo7nGxRkng1

3. All transactional logs for all activity in the Binance account(s) associated with the Wallet Addresses, including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

4. All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by Binance that the account at Binance to which the Wallet Address is linked was linked to or associated with any other Exchange account(s).

5. Correspondence exchanged by and between Binance and the owner of the Wallet Addresses.

6. Correspondence exchanged by and between Binance and any third-party concerning or relating to the Wallet Addresses. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by Binance with any governmental

regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

7.

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Wisconsin

| | |
|---|---|
| Lokesh Wuluvarana | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| John Does 1-3 | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Gemini Trust Company, LLC

*(Name of person to whom this subpoena is directed)*

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Patterson Law Firm,<br>     200 West Monroe Street, Suite 2025<br>     Chicago, Illinois 60606 | Date and Time: |
|---|---|

    ❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         GINA M. COLLETTI
         *CLERK OF COURT*

                                  OR

     _____        _____
       *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Subpoena Rider – Gemini**

1. All documents regarding, reflecting, recording, or memorializing account opening and closing, including the account owners' actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Gemini for the accounts associated with the Wallet Addresses (defined below).

2. All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding), and account holdings, including but not limited to transactions into or out of the following wallet addresses (the "Wallet Addresses").
   - 0xd24400ae8bfebb18ca49be86258a3c749cf46853
   - 0x5f65f7b609678448494De4C87521CdF6cEf1e932
   - 0x6a6cc09efe9746d07d78b3d9937a88ad4f65a734

3. All transactional logs for all activity in the Gemini account(s) associated with the Wallet Addresses, including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

4. All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by Gemini that the account at Gemini to which the Wallet Address is linked was linked to or associated with any other Exchange account(s).

5. Correspondence exchanged by and between Gemini and the owner of the Wallet Addresses.

6. Correspondence exchanged by and between Gemini and any third-party concerning or relating to the Wallet Addresses. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by Gemini with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.