UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOKESH WULUVARANA,

        Plaintiff,

  v.

        Case No. 22-cv-982-pp

JOHN DOES 1-3,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE (DKT. NO. 5), GRANTING IN PART PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY BUT LIMITING REQUEST TO IDENTIFYING INFORMATION REGARDING DEFENDANTS (DKT. NO. 3) AND DENYING PLAINTIFF'S MOTION FOR HEARING (DKT. NO. 5)**

---

      On August 26, 2022, the plaintiff filed a twenty-four-page complaint alleging that three unknown individuals lured him "into transferring cryptocurrency to various individuals associated with an online cryptocurrency trading website, CoinDexEC." Dkt. No. 1 at ¶1. The plaintiff asserts that John Doe #1 scammed and misappropriated the plaintiff's cryptocurrency before depositing a portion of the money in Binance and Gemini accounts. Id. at ¶2. The plaintiff admits that he doesn't know—and cannot serve—the defendants. Based on the allegations in the complaint, the plaintiff knows nothing more than that John Doe #1 operated or controlled CoinDexEC under the alias of Anthony Crown (@crypto_signals12). Id. at ¶¶6, 27, 29. The plaintiff has filed a motion for expedited discovery because he believes he will be able to identify

1

the defendants through discovery and third-party subpoenas. Dkt. No. 3; see also Dkt. No. 1 at ¶8.

## I. Subject-Matter Jurisdiction

Before addressing the pending motions to expedite discovery and extend time for service and the request for a hearing, the court must determine whether it is has subject matter jurisdiction. The plaintiff alleges that the court has federal question and diversity jurisdiction, but the court cannot conclude that unknown and unidentified defendants are citizens of a different state than the plaintiff (who is a Wisconsin resident, dkt. no. 1-1 at 1). Id. at 12. Eight of the nine counts arise under state law. Dkt. No. 1 at ¶¶68-136. Count Nine, however, "alternatively" seeks relief under the Commodity Exchange Act, 7 U.S.C. §25, a federal statute. Dkt. No. 1 at ¶¶137-147. At this stage, the court concludes that it has federal question jurisdiction.

## II. Plaintiffs' Motions

### A. Plaintiffs' Motion to Expedite (Dkt. No. 3)

Almost a month after the plaintiff filed the complaint, the plaintiff filed an *ex parte* motion for leave to serve expedited discovery on Binance, Coinbase and Gemini, seeking information that would allow the plaintiff to identify and serve the defendants. Dkt. No. 3. Although the plaintiff identified Binance and Gemini in the complaint, the plaintiff since has hired an investigative firm, which believes that the plaintiff's asserts are tied to exchange accounts in three regulated centralized cryptocurrency exchange platforms: Coinbase, Binance and Gemini. Dkt. No. 4 at 2, 9. The plaintiff says he "needs Coinbase, Binance

and Gemini to identify the accountholders of the Coinbase, Binance and Gemini accounts (e.g. name, physical address, mailing/contact address)" so that he can properly name and serve the defendants. Id. at 2.

The plaintiff argues that the court has the authority to permit expedited discovery under Federal Rules of Civil Procedure 26(d), 30(b) and 34(b). Id. at 3. He suggests that courts follow one of two standards: the Notaro test or the good cause standard. The plaintiff first cites older cases from this district applying the Notaro test, a standard adopted from the Southern District of New York in which the movant must demonstrate: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted. Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009) (citing Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982)); Sheridan v. Oak Street Mort., LLC, 244 F.R.D. 520, 521 (E.D. Wis. 2007); Centrifugal Acquisition Corp. v. Moon, No. 09-C-327, 2009 WL 1249294, at *1 (E.D. Wis. May 6, 2009). He also cites to a Western District of Missouri case allowing expedited discovery where good cause is shown. Pioneer Hi-Bred Int'l, Inc. v. Does, No. 12-06046-cv-SJ-DGK, 2012 WL 12910607, at *1 (W.D. Mo. May 18, 2012).

The plaintiff asserts that he will suffer irreparable injury if the court does not allow him to conduct expedited discovery because the assets could be moved to locations out of reach of United States courts. Id. at 4. He argues that

3

he is likely to succeed on the merits of the allegations in the complaint; he believes there is no defense to the "plain theft" that he experienced. Id. He claims that expedited discovery will allow him to avoid the "irreparable injury of forever losing his assets into oblivion because the information Coinbase, Binance and Gemini have regarding Does will permit Plaintiff to identify Does and employ appropriate legal measures, including identifying and issuing third-party subpoenas on any other cryptocurrency exchange, wallet operator, or financial institution to which Plaintiff's assets may have been further transferred, seeking asset freeze orders, and even alerting appropriate government agencies." Id. The plaintiff insists the discovery will be narrowly drawn to focus solely on the Does' identities and their accounts, because those accounts are central to the complaint. Id. at 4-5. He says the information will be readily accessible to Coinbase, Binance and Gemini because federal law requires them to keep Know-Your-Customer documents relating to accountholders. Id.

The plaintiff attaches the declaration of Chris Groshong, who is the President of Coinstructive (a national cryptocurrency analysis and investigative firm). Id. at 8, ¶2. Based on his investigation, Groshong opines that the addresses to which the plaintiff transferred his assets are private wallet addresses that are not trading or investment wallets but "mere shell intermediaries that acted as a conduit." Id. at 9, ¶6. Groshong believes that these addresses "received various assets from other sources, pooled them together and transferred them to other addresses." Id. Groshong says that the

4

plaintiff's assets were eventually located in twelve different addresses tied to exchange accounts at regulated centralized cryptocurrency exchange platforms: Coinbase, Binance and Gemini. Id. at ¶8.

The plaintiff attaches the proposed subpoenas, which seek information far beyond the "identifying information" the plaintiff referenced in the motion. The proposed subpoena rider for Coinbase states as follows:

> 1. All documents regarding, reflecting, recording, or memorializing account opening and closing, including the account owners' actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Coinbase for the accounts associated with the Wallet Addresses (defined below).
>
> 2. All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding), and account holdings, including but not limited to transactions into or out of the following wallet addresses (the "Wallet Addresses").
>
> - 3AnzCwQhT8LZ1irPTyC8YQgJeSQT9aHFDQ
> - 3ARQdKdYt4QLpNvzhqWeEErqKaNe8W3yKE
> - 3KXZGE7wfWaGH6zSsKx4nsQQRkSoo59Fcj
> - 3PxonCwG3E4hm3dTFe5GPQ6Tii36sfcxjk
> - 3EWJrNFpkLqW6sphgzaRjv7WGZr225bcCt
> - 3Hyxm1Ek1CJkgoZkhmcpAxc7o7U6S84KUr
> - 395siPfxf1NBMdDXJ9WKo789ESewtb5LWW
> - 38B1ozpRKdbZfA5Bd4oZALSPQsetTFJYyV
> - 37stcniTxrAuEPnjJ7kStmuLQ1w24cMvaQ
> - 37TAkodSiHHdVKZBR4ixq7faDN87ckjxHv
> - 39N2sTV7EuASarb22CJ4DpW48xdM4Mdh3s
> - 342pTCekEy5kMbBQjygjhdsQLpQZDYF1f2
> - 39dSnmChRW8H7QkrGqfM4h8owTHUuYazLq
>
> 3. All transactional logs for all activity in the Coinbase account(s) associated with the Wallet Addresses, including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each

5

trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

4. All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by Coinbase that the account at Coinbase to which the Wallet Address is linked was linked to or associated with any other Exchange account(s).

5. Correspondence exchanged by and between Coinbase and the owner of the Wallet Addresses.

6. Correspondence exchanged by and between Coinbase and any third-party concerning or relating to the Wallet Addresses. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by Coinbase with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

The subpoena riders for Binance and Gemini are identical except for the name of the entity and the wallet addresses. Dkt. No. 4 at 15, 16, 20, 21, 25.

    B.    <u>Plaintiffs' Motion for Hearing of Motion for Expedited Discovery and To Extend Time for Service</u> (Dkt. No. 5)

Two months after the plaintiff filed his motion for expedited discovery, he filed a motion asking the court to hold a hearing on that motion and to extend time for service. Dkt. No. 5. The plaintiff explains that, because the court has not granted the motion for expedited discovery, he has not been able to learn the identity of the defendants and serve them within the ninety-day period allowed under Fed. R. Civ. P. 4(m). Dkt. No. 5 at 1. The plaintiff asks for a hearing on his previously-filed motion for expedited discovery and asks the court to extend the Rule 4(m) ninety-day service period for an additional ninety days so that he can learn the defendants' true identities and effectuate service on them. <u>Id.</u>

6

C.  Analysis

The plaintiff has shown good cause for the court to extend the time for service by ninety days. Fed. R. Civ. P. 4(m). The plaintiff filed the complaint on August 26, 2022; he filed the motion for an extension of time on November 22, 2022 (eighty-eight days later, before the ninety-day Rule 4(m) period had expired) and has filed a motion for expedited discovery to help identify the defendants. The court will grant that motion.

As for the motion for expedited discovery, Rule 26(d) states that a party cannot seek discovery "from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). The federal rules do not provide a standard for determining when a court may authorize discovery before the defendants have been served, and courts in this circuit are split. In Edgenet, the 2009 case cited by the plaintiff, Judge Stadtmueller followed the more stringent standard of the Southern District of New York where a party claimed that without the expedited discovery they would suffer irreparable damage. Edgenet, 259 F.R.D. at 386. But in that case both parties agreed that the basis for the motion was irreparable harm and the moving party had not cited any relevant authority. Id. at 387. More recently, district courts in Indiana and Illinois have held that a party seeking expedited discovery must show good cause for the request. S. USA Life Ins. Co., Inc. v. Lemmen, No. 22-cv-263-PPS-JEM, 2022 WL 13743828, *1 (N.D. Ind. Oct. 20, 2022); Iglesias v. Federal Bureau of Prisons, No. 19-cv-415-NJR, 2021 WL 4820429, *1 (S.D. Ill. Oct. 15, 2021) ("[D]istrict

7

courts in the Seventh Circuit require the "movant [to] establish 'good cause.'"));
Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc., No. 1:17-cv-00949-LJM-DML, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017) ("In order to meet this burden, the movant must establish 'good cause.'"). A court may find that there is good cause "when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." Roche Diagnostics at *1 (citing Hard Drive Prods., Inc. v. Doe, 283 F.R.D. 409, 410 (N.D. Ill. 2012)).

The court has found at least one other case in which a plaintiff has proposed discovery identical to what the plaintiff proposes here to identify a John Doe defendant who allegedly stole assets and transferred them through a number of cryptocurrency wallet addresses. Jacobo v. Doe, No. 22-cv-672-DAD-BAK, 2022 WL 2079766, *1 (E.D. Cal. June 9, 2022). The court found good cause to grant the plaintiff's request to ascertain identifying information with respect to the John Doe defendant but otherwise limited the scope of discovery. Id. at *3. The court did not find that the plaintiff had "narrowly tailored all of her proposed discovery requests to the cryptocurrency exchanges or provided good cause for the authorizing of expedited discovery beyond certain specific identifying information about the Doe defendant." Id. at *4. The court wrote:

> In particular, plaintiff's proposed discovery requests for documents and information regarding transactions involving the Destination Addresses and communication with defendant and any non-party accountholder of the Destination addresses "seek affirmative relief from this [c]ourt that is the subject of this lawsuit, and go well beyond the request for expedited discovery." *See ZG TOP Tech. Co.*

8

> [*v. Doe,* No. 2:19-cv-00092-RAJ] 2019 WL 917418 at *3 [W.D. Wash. Feb. 25, 2019]. Plaintiff cites no authority that supports authorization by the court of such discovery at this early stage of this litigation, and the court declines to permit such substantive discovery aimed beyond the scope of identifying the Doe defendant. Similarly, the court sees no reason for the proposed scope of the expedited discovery plaintiff seeks to include defendant's social security number, since there has been no showing that this information is necessary to "obtain defendant's identity" or to ascertain "a physical and/or electronic address at which defendant can be given notice of the claims asserted against him in this lawsuit."

Id.

The Jacobo court allowed the plaintiff to serve a Rule 45 subpoena on the named cryptocurrency exchanges for the sole purpose of obtaining information about the owner of the destination addresses: legal name, street address, telephone number and e-mail address. The court did not allow the plaintiff to obtain the defendant's Social Security number and required the plaintiff to attach a copy of the court's order to the subpoena. Id. The court further required the plaintiff to notify the exchanges that any affected user had fourteen days from the date of service to object to the subpoena and that the identifying information should not be disclosed during that time. Id. The court also required that the exchanges preserve any material responsive to the subpoena for a period no less than ninety days to allow the plaintiff to file a motion to compel, if necessary. Id.

While the plaintiff in this case claims to have narrowly tailored his subpoena requests, they are identical to the requests made months earlier in Jacobo. Like the court in Jacobo, the court finds good cause to allow expedited discovery with respect to the defendants' identities. Regarding the first request

9

in the plaintiff's subpoena rider, the plaintiff may request the defendants' names, street addresses, telephone numbers and email addresses from Binance, Coinbase and Gemini. Dkt. No. 4 at 9, 15, 20, 25. The court does not believe it is necessary or appropriate, however, to allow the plaintiff to obtain the defendants' Social Security numbers. Requests two through six—the same requests proposed in Jacobo—go far beyond seeking the defendants' identifying information and seek transaction history and logs, the third party's internal documents regarding the account, correspondence between the third party and the account owner and correspondence with the rest of the world regarding the wallet addresses. These requests are the types of discovery requests the court might expect the plaintiff to make once the defendants have been identified and the plaintiff is seeking discovery as to his substantive allegations. But the additional information is unnecessary at this stage, particularly where the plaintiff's investigator claims to have located the plaintiff's assets.

Finally, the plaintiff asked the court to schedule a hearing. Dkt. No. 5. Civil Local Rule 7(e) (E.D. Wis.) states that the court will hears oral argument "at its discretion." The plaintiff has given no reason why he believes a hearing is necessary, or what he expects would be accomplished at a hearing. The court understands that almost five months have passed since he filed his motion to expedite discovery; that delay is attributable to the court's caseload and calendar. But the court now has granted the plaintiff leave to conduct expedited discovery, so there is no reason for the court to schedule a hearing.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for extension of time to effect service. Dkt. No. 5. The court **ORDERS** that the plaintiff must serve the defendants, or request more time to do so, by **April 14, 2023**.

The court **DENIES** the plaintiff's motion for hearing. Dkt. No. 5.

The court **GRANTS IN PART** the plaintiff's motion to expedite discovery. Dkt. No. 3. The court **GRANTS** the motion to the extent that the court will allow the plaintiff to issue subpoenas under Fed. R. Civ. P. 45 to Coinbase, Binance and Gemini for the sole purpose of obtaining information to identify the John Doe defendants. This information includes *only* the name, street address, telephone number and e-mail address of each John Doe. The subpoenas must not ask for Social Security numbers. A copy of this order must be attached to the subpoena. The court **DENIES** the motion to the extent that it asks for information other than the information that the court has described above.

The court **ORDERS** that Coinbase, Binance and Gemini must provide a copy of the subpoena to each John Doe and any other affected user as soon as possible after service of the subpoena. Coinbase, Binance and Gemini and any affected user must have fourteen (14) days from the date of service of the subpoena to object to the subpoena under Federal Rule of Civil Procedure 45(d)(2)(B). Coinbase, Binance and Gemini must not disclose any John Doe's identifying information, or such information for any other affected user, during that fourteen-day period (or if a timely objection is served, unless and until the

court so orders). If an objection is served, Coinbase, Binance and Gemini must preserve any material responsive to the subpoena for a period of no less than ninety (90) days to allow the plaintiff to file a motion to compel, if the plaintiff so desires.

Dated in Milwaukee, Wisconsin this 13th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**