LOKESH WULUVARANA,

        Plaintiff,

v.

JOHN DOES 1-3,

        Defendant.

Case No. 22-cv-982-pp

**ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT (DKT. NO. 7), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO ISSUE ADDITIONAL DISCOVERY (DKT. NO. 8) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS (DKT. NO. 8)**

The plaintiff has filed a motion for contempt, dkt. no. 7, a motion for leave to issue additional discovery, dkt. no. 8, and a motion for extension of time to serve defendants, dkt. no. 8. This order denies the motion for contempt, grants the motion for leave to issue additional discovery and grants the motion for extension of time to serve defendants.

## I. Background

### A. Complaint and Previous Motions

On August 26, 2022, the plaintiff filed a twenty-four-page complaint alleging that three unknown individuals had lured him "into transferring cryptocurrency to various individuals associated with an online cryptocurrency trading website, CoinDexEC." Dkt. No. 1 at ¶1. The complaint alleges that John Doe #1 scammed and misappropriated the plaintiff's cryptocurrency before

1

depositing a portion of the money in Binance and Gemini accounts.[1] Id. at ¶2. The plaintiff admits that he doesn't know—and cannot serve—the defendants. The allegations in the complaint reflect that the plaintiff knows nothing more than that John Doe #1 operated or controlled CoinDexEC under the alias of Anthony Crown (@crypto_signals12). Id. at ¶¶6, 27, 29.

After filing the complaint, the plaintiff hired an investigative firm, which reported that the plaintiff's assets are tied to exchange accounts with Coinbase, in addition to Binance and Gemini. Dkt. Nos. 3 at 8-10; 6 at 2. Almost a month after the plaintiff filed the complaint, he filed an *ex parte* motion for leave to serve expedited discovery on Binance, Coinbase and Gemini, seeking information that would allow him to identify and serve the Doe defendants. Dkt. No. 3. The plaintiff provided the court with a proposed subpoena rider that contained six requests. Dkt. No. 4 at 15-16. He also filed a motion asking the court to hold a hearing on that motion and extend time for service. Dkt. No. 5.

B.  The Court's January 13, 2023 Order (Dkt. No. 6)

On January 13, 2023, the court issued an order granting the plaintiff's motion to extend time for service, granting in part his motion to expedite discovery and denying his motion for hearing. Dkt. No. 6. While allowing the plaintiff to issue expedited discovery to Binance, Coinbase and Gemini, the court ordered the plaintiff to limit the demands in his proposed subpoena rider.

---

[1] The complaint describes Binance, Gemini and later Coinbase as "centralized cryptocurrency exchange platforms that facilitate cryptocurrency-to-cash conversion." Dkt. Nos. 1 at 1, 4 at 9.

Id. The court relied on Jacobo v. Doe, No. 22-cv-672, 2022 WL 2079766, *1 (E.D. Cal. June 9, 2022). The court explained:

> While the plaintiff in this case claims to have narrowly tailored his subpoena requests, they are identical to the requests made months earlier in Jacobo. Like the court in Jacobo, the court finds good cause to allow expedited discovery with respect to the defendants' identities. Regarding the first request in the plaintiff's subpoena rider, the plaintiff may request the defendants' names, street addresses, telephone numbers and email addresses from Binance, Coinbase and Gemini. Dkt. No. 4 at 9, 15, 20, 25. The court does not believe it is necessary or appropriate, however, to allow the plaintiff to obtain the defendants' Social Security numbers. *Requests two through six*—the same requests proposed in Jacobo—*go far beyond seeking the defendants' identifying information and seek transaction history and logs, the third party's internal documents regarding the account, correspondence between the third party and the account owner and correspondence with the rest of the world regarding the wallet addresses.* These requests are the types of discovery requests the court might expect the plaintiff to make once the defendants have been identified and the plaintiff is seeking discovery as to his substantive allegations. *But the additional information is unnecessary at this stage*, particularly where the plaintiff's investigator claims to have located the plaintiff's assets.

Id. at 9-10 (emphasis added).

The court made clear that the plaintiff needed to remove requests two through six from his proposed subpoena rider and that he needed to limit request one to "the defendants' names, street addresses, telephone numbers and email addresses." Id. at 10. The court reasserted this at the close of the order:

> The court **GRANTS IN PART** the plaintiff's motion to expedite discovery. Dkt. No. 3. The court **GRANTS**

3

Case 2:22-cv-00982-PP   Filed 12/13/23   Page 3 of 19   Document 9

> the motion to the extent that the court will allow the plaintiff to issue subpoenas under Fed. R. Civ. P. 45 to Coinbase, Binance and Gemini for *the sole purpose* of obtaining information to identify the John Doe defendants. This information includes *only* the name, street address, telephone number and e-mail address of each John Doe. The subpoenas must not ask for Social Security numbers. A copy of this order must be attached to the subpoena. *The court **DENIES** the motion to the extent that it asks for information other than the information that the court has described above.*

Id. at 11 (emphasis added). Finally, the court ordered that "the plaintiff must serve the defendants, or request more time to do so, by April 14, 2023." Id.

   C.   Motion for Contempt (Dkt. No. 7)

On April 14, 2023, the plaintiff filed a motion asking the court to hold Coinbase in contempt. Dkt. No. 7. The plaintiff cited Federal Rule of Civil Procedure 45(g) as the ground for his motion but otherwise did not provide any legal analysis or a file a supporting memorandum. Id. The plaintiff stated that despite him "serv[ing] a subpoena on Coinbase on January 23, 2023 through its registered agent," Coinbase "has failed to respond." Id. The plaintiff stated in a footnote that "[the Wisconsin Department of Financial Institution's (DFI's)] website appears to show a change of registered agent subsequent to service on two different occasions." Id. at 1. The plaintiff explained that he "ha[d] attempted to confer with Coinbase through emailing a known email for Coinbase legal, and will continue to do so, but has not received a response." Id. at 2. Finally, the plaintiff asked the court to "find Coinbase Inc. in contempt of court if it has not produced the documents requested by the subpoena and for such other and further relief as is proper." Id.

4

With the contempt motion, the plaintiff filed several exhibits, including the subpoena the plaintiff allegedly issued to Coinbase. Id. at 16-34. The plaintiff included a cover letter dated January 18, 2023 and addressed to Coinbase, Inc. via CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703. Id. at 17. The subpoena itself listed "Coinbase, Inc." in the "To" line, and identified the place of production as "Patterson Law Firm, 200 West Monroe Street, Suite 2025, Chicago, Illinois 60606." Id. at 18. The "Date and Time" field demanded production by "02/08/2023 5:00 pm." Id. The "subpoena" is not dated or signed by either the Clerk of Court for the Eastern District of Wisconsin or the plaintiff's attorney, and the field in which the plaintiff was prompted to list the name, address, e-mail address and telephone number for his attorney is blank. Id. The proof of service form that accompanies the subpoena is unexecuted. Id. at 19. Finally, the plaintiff attached a subpoena rider that is nearly identical to the one he had filed with his motion for expedited discovery. Dkt. Nos. 4 at 15-16; 7 at 21-22. This more recent subpoena rider includes requests two through six and a modified version of request one, despite the court's January 13 order instructing the plaintiff to remove requests two through six of the proposed subpoena rider. Dkt. Nos. 6 at 10-11; 7 at 21-22.

The plaintiff also filed a screenshot from the Wisconsin DFI's website, which purports to depict the public business records for "COINBASE, INC." Dkt. No. 7 at 37-38. This screenshot represents that Coinbase is a foreign business corporation, lists its "Registered Effective Date" as August 19, 2014,

and its "Registered Agent Office" as "CT CORPORATION SYSTEM, 301 S BEDFORD ST, SUITE 1, MADISON, WI 53703." Id. at 38. Neither the motion nor the screenshot include a date indicating when the plaintiff accessed the DFI website. The screenshot is cropped in a way that does not show the "Chronology" section of the DFI page.

Finally, the plaintiff filed a document titled "Affidavit of Special Process Server," dated January 23, 2023. Dkt. No. 7 at 35-36. This document states that Stuart Satter "attempted service [of various documents] to Coinbase, Inc., c/o CT Corporation System, located at 301 S. Bedford St., Suite 1, Madison, WI 53703." Id. at 36. Satter marked the box next to "Authorized Service: By leaving a copy of the process with," wrote "Steve Karis" in the box for "name" and "customer service rep" in the box for "title." Id. The preprinted form states that the person whose name and title are referenced is "an individual of the company willing and able to accept on behalf of the entity/respondent/witness." Id. Satter gave a physical description of the person with whom he left the documents, and Satter's signature is notarized. Id.

D. Motion for Leave to Issue Discovery and for an Extension of Time to Serve Defendants (Dkt. No. 8)

On April 14, 2023, the plaintiff filed a motion for leave to issue additional discovery and for an extension of time to serve defendants. Dkt. No. 8 at 1. The motion says that through Binance's subpoena response, the plaintiff "learned the identity of one individual who has interacted with one of the wallet

6

addresses believed to be used by the Does."² Id. at 2. The plaintiff seeks "leave to serve a subpoena on the individual identified in the Binance subpoena response seeking his deposition as a follow up to his prior Motion for the same reasons stated therein, which may provide information about the owner of the wallet with which he interacted, and who is a suspected Doe Defendant." Id. The plaintiff also asks for an additional four months to serve the defendants because he has been unable to determine the defendants' identity. Id.

## II. Motion for Contempt

### A. Legal Standard

Rule 45(g) of the Federal Rules of Civil Procedure allows a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." See U.S. S.E.C. v. Hyatt, 621 F.3d 687, 693 (7th Cir. 2010) (noting that Rule 45's contempt provision "implies that all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court"). The Seventh Circuit has held that to prevail on a request for a contempt finding under Rule 45(g),

> the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

---

² The plaintiff explained that he "avoided using the individual's name throughout [his] motion out of concern for the individual's privacy, but will of course provide the same if the Court would so request." Dkt. No. 8 at 2.

7

Id. at 692; see also Charles Schwab & Co. Inc. v. LaGrant, 483 F. Supp. 3d 625, 627 (E.D. Wis. 2020) ("The Court may grant a motion for contempt if a party has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" (quoting Am. Fletcher Mort. Co. v. Bass, 688 F.2d 513, 517 (7th Cir. 1982))). "The rule does not require the court to first order compliance before imposing the sanction of contempt, although subsection (c) of the rule requires an intervening court order if the recipient of the subpoena objects in writing to the production of documents or things." Hyatt, 621 F.3d at 690.

Rule 45 allows the court to sanction nonparties who, having been served, fail to comply with a subpoena. Fed. R. Civ. P. 45, Advisory Committee note to 1991 amendment. ("In at least some circumstances, a non-party might be guilty of contempt for refusing to obey a subpoena even though the subpoena manifestly overreaches the appropriate limits of the subpoena power."). But the Seventh Circuit has explained that "[i]t does not follow . . . that a contempt motion for disobedience of a nonparty subpoena should be treated in exactly the same way as a contempt motion for violation of another kind of court order." Hyatt, 621 F.3d at 693. Because non-parties have no interest in the outcome of the dispute, Rule 45 requires the court to afford special consideration to the procedural and substantive rights of nonparties caught up in discovery disputes. Id. at 694 (noting that Rule 45 suggests "at a minimum that contempt motions for noncompliance with a discovery subpoena should be

entertained with special attention to the procedural and substantive rights of the nonparty witness").

"[W]ho, having been served" is an important qualifier in Rule 45(g), which says that a person or entity that has not been properly served cannot be held in contempt for not obeying the subpoena at issue. Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person . . . ." The Seventh Circuit has held that personal service is not necessary for proper service under Rule 45 because certified mail through the United State Postal Service (USPS) is a "sensible option" that can help save costs in litigation. See Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012). When a party uses delivery options other than USPS certified mail or personal service, however, courts in the Seventh Circuit must determine whether the method was a "sensible option" that satisfies the requirement of "delivering a copy to the named person." See Stepp v. Rexnord Indus., Inc., No. 13-CV-683, 2014 WL 3866135, at *2 (S.D. Ind. Aug. 5, 2014) (citing Ott, 682 F.3d at 557).

"In order to do so, courts have looked to other service provisions of the Federal Rules of Civil Procedure to determine what will suffice for service of a subpoena under Rule 45." Id.; see also CMI Roadbuilding, Inc. v. Bohr Precision Machining, Inc., Case No. 20-MC-13, 2020 WL 3964388, at *2 (E.D. Wis. July 13, 2020) (observing that due to the limited information listed on a subpoena's service receipt, "the court does not know whether [the name listed on the subpoena receipt] was 'a clerk or other person in charge' of the respondent's office, as required by Fed. R. Civ. P. 5(b)(2)(B)(i)"). Rules 4 and 5 of

9

the Federal Rules of Civil Procedure provide guidance on how to serve a nonparty corporation. See Westfield v. Simpson, No. 20-CV-1747, 2022 WL 4131681, at *1 (S.D. Ind. Sept. 12, 2022) ("If a subpoena is directed to a corporation or other entity, it generally must be personally served on a corporate officer or other agent authorized under Fed. R. Civ. P. 4 to accept services of process."); Little v. JB Pritzker for Governor, No. 18 C 6954, 2020 WL 1939358, at *3 (N.D. Ill. Apr. 22, 2020) ("Courts often look to the service provisions of Rule 5(b) when the subpoena is served on a non-party."). "However, even when other rules are used as a point of reference for interpretation, it is imperative that courts heed the more restrictive requirements of Rule 45, such as simultaneous delivery of applicable fees." Stepp, 2014 WL 3866135, at *2 (citing Fed. R. Civ. P. 45(b)(1)).

Rule 4 of the Federal Rules of Civil Procedure controls service of summons, while Rule 5 controls service of other papers. Under Rule 4, a plaintiff serving a corporation must effectuate that service (1) in a manner prescribed under state law or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1); see also Ferguson v. Nissen Staffing Continuum, Inc., Case No. 17-cv-198-pp, 2018 WL 1513034, at *6 (E.D. Wis. Mar. 27, 2018). Under Wis. Stat. §180.0504(1), "[a] corporation may be served with any process, notice, or demand required or permitted by law by serving its registered agent." Rule 5(b) states that "[a]

paper is served under this rule by . . . leaving it . . . at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office . . . ." Fed. R. Civ. P. 5(b)(2)(B)(i).

Under Rule 45, to prove service a party must file "with the issuing court a statement showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b)(4). "The statement must be certified by the server." Id.

B. Analysis

The plaintiff has asked the court to hold Coinbase—a nonparty—in contempt for its failure to comply with a subpoena. Dkt. No. 7. To support this request, the plaintiff has provided the court with a short motion lacking in legal analysis and a series of exhibits that do not suffice to demonstrate that Coinbase, Inc. received the subpoena but failed to comply.

Although the plaintiff's brief motion cites Rule 45(g) of the Federal Rules of Civil Procedure, it does not include any legal analysis explaining *why* the court should hold Coinbase—a nonparty—in contempt. Id. The plaintiff did not file a memorandum of law or a certificate stating when he would file one, which violates Civil Local Rule 7(a) (E.D.Wis.): "Every motion must state the statute or rule pursuant to which it is made *and . . . must* be accompanied by: (1) *a supporting memorandum and*, when necessary, affidavits, declarations, or other papers; *or* (2) a certificate stating that no memorandum or other supporting papers will be filed. Civ. L. R. 7(a) (emphasis added); see also Allen-Noll v. Madison Area Tech. Coll., 969 F.3d 343, 349 (7th Cir. 2020) (noting that the

11

Seventh Circuit "has repeatedly recognized that district courts may require exact compliance with their local rules"). The absence of a legal memorandum or any legal analysis is particularly concerning given the special considerations afforded nonparties in contempt proceedings. See Hyatt, 621 F.3d at 694 (noting that Rule 45 suggests "at a minimum that contempt motions for noncompliance with a discovery subpoena should be entertained with special attention to the procedural and substantive rights of the nonparty witness"). The court could deny the plaintiff's motion for contempt based solely on his violation of Civil Local Rule 7(a).

The subpoena the plaintiff filed with the motion is unexecuted. Dkt. No. 7 at 18. It is not signed and dated by the Clerk of Court—which means it was not issued by the court. Nor is it signed and dated by the plaintiff's attorney. It does not contain identifying information for the plaintiff's attorney. If this is the version of the subpoena that Satter delivered on January 23, 2023, it is not sufficient to constitute an "order" for Coinbase to do anything.

The court searched for Coinbase, Inc. on the DFI website, and discovered that Coinbase was incorporated on August 18, 2014; on May 10, 2017, it had a change of registered agent. See COINBASE, INC, Wisconsin Department of Financial Institutions (available at https://wdfi.org). Coinbase had another change of registered agent on February 8, 2023, and another on March 27, 2023. Id. But although the DFI website shows *when* a corporation changes registered agents, it does not reflect the *identity* of prior registered agents. It identifies only the current registered agent. As of the time of this order, the

12

registered agent listed on the website is Corporation Service Company, 33 East Main Street, Suite 610, Madison, WI 53703. Id.

As the court has noted, instead of completing the affidavit of service on the second page of the subpoena form, the plaintiff filed an "affidavit of special process server" and a screenshot of *part* of the DFI webpage for Coinbase. Dkt. No. 7 at 19, 36, 38. Neither the motion nor the DFI screenshot (which shows CT Corporation System as Coinbase's registered agent) reflects when the plaintiff or process servicer viewed the webpage and took the screenshot. Id. at 38. That date is important, because Coinbase has changed registered agents more than once. The exhibits shed no light on the identity of Coinbase's registered agent as of January 23, 2023—the date on which Satter says he left the documents with Steve Karis. Id. at 36.

Satter's affidavit says that he "*attempted* service . . . to Coinbase, Inc., c/o CT Corporation System, located at 301 S. Bedford St., Suite 1, Madison, WI 53703" which "result[ed]" in "*authorized service*" by leaving "the process" with "Steve Karis." Dkt. No. 36 (emphasis added). The affidavit describes Karis as a "customer service rep.," but the plaintiff has identified no authority supporting the conclusion that a customer service representative is "able to accept service on behalf of the entity/respondent/witness," and the affidavit does not specify the name of the entity/respondent/witness for whom Karis was a customer service representative. Id. The affidavit does not even indicate whether Satter left the "the process" with Karis at "301 S. Bedford St.," stating only that he "*attempted* service . . . at 301 S. Bedford St." Id.

13

Proper service is a threshold issue; the court must determine whether the subpoena was properly served before it may turn to the elements of contempt, which the plaintiff then would be required to establish by clear and convincing evidence. See Hyatt, 621 F.3d at 692. As explained, Rule 45 allows the court to "hold in contempt a person *who, having been served*, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) (emphasis added). The court cannot conclude that Coinbase has been served. The plaintiff's exhibits do not demonstrate that CT Corporation was Coinbase's registered agent on January 23, 2023, so this court may not apply Wis. Stat. §180.0504(1) ("[a] corporation may be served with any process, notice, or demand required or permitted by law by serving its registered agent"). Because the plaintiff provided little information about "Steve Karis" or where "the process" was left, and provided *no* authority that a customer service agent of a company is able to accept service of a subpoena on behalf of that company, the court cannot conclude that service was proper under Rule 5(b) (which states that a party may effectuate proper service by "leaving [the document] . . . at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office . . . ." Fed. R. Civ. P. 5(b)(2)(B)(i); see also CMI Roadbuilding, 2020 WL 3964388, at *2 (observing that due to the limited information listed on a subpoena's service receipt, "the court does not know whether [the name listed on the subpoena receipt] was 'a clerk or other person in charge' of the respondent's office, as required by Fed. R. Civ. P. 5(b)(2)(B)(i)"). The court cannot even conclude that the plaintiff served

a valid subpoena, regardless of whether it was properly served on an authorized recipient. That finding is critical in any case where a party seeks contempt, but especially where the entity against whom the party seeks contempt is a nonparty. See Hyatt, 621 F.3d at 694 (noting that Rule 45 suggests "at a minimum that contempt motions for noncompliance with a discovery subpoena should be entertained with special attention to the procedural and substantive rights of the nonparty witness"); see also Oakeson v. Aero-Space Computer Supplies, Inc., Case No. 22-CV-698, 2023 WL 372184, at *1 (E.D. Wis. Jan. 24, 2023) (noting that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" (quotation omitted)).

Even if the plaintiff properly served Coinbase, the exhibits reveal that he failed to comply with the court's January 13 order. The subpoena rider that the plaintiff "issued" to Coinbase was nearly identical to the one he filed with his motion for expedited discovery; he changed only the wording of his first request. Dkt. Nos. 4 at 15-16; 7 at 21-22. While request one now complies with the January 13 order, the plaintiff's failure to remove requests two through six is a violation of that order. Dkt. No. 6 at 10-11. The court explained in the January 13 order that "[r]equests two through six . . . *go far beyond seeking the defendants' identifying information*" and that the "additional information [sought by requests two through six,] is *unnecessary at this stage*, particularly where the plaintiff's investigator claims to have located the plaintiff's assets." Id. at 10 (emphasis added). The court stated that it would "allow the plaintiff to

15

issue subpoenas under Fed. R. Civ. P. 45 to Coinbase, Binance and Gemini for *the sole purpose* of obtaining information to identify the John Doe defendants." Id. at 11 (emphasis added). The court ordered that "[t]his information includes *only* the name, street address, telephone number and e-mail address of each John Doe." Id. at 11. While the court has insufficient proof that *Coinbase* violated a court order, the rider the plaintiff filed with the motion for contempt strongly suggests that the *plaintiff* violated the court's January 13 order.

The court will deny without prejudice the plaintiff's motion for contempt. The court will give the plaintiff an opportunity to serve Coinbase with a subpoena that complies with the January 13 order and to effectuate proper service. Dkt. No. 6 at 10-11. The plaintiff must remove requests two through six from the subpoena rider of any subpoena served on Coinbase. Dkt. No. 7 at 21-22.

### III. Motion for Leave to Issue Additional Discovery

Rule 26(d) of the Federal Rules of Civil Procedure states that a party cannot seek discovery "from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). The Federal Rules of Civil Procedure do not provide a standard for determining when a court may authorize discovery before the defendants have been served, and courts in this circuit are split. See Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009) (applying an "irreparable damage" standard after both parties agreed that the basis for the motion was irreparable harm and the moving party had not cited any relevant

16

authority); Iglesias v. Fed. Bureau of Prisons, No. 19-cv-415, 2021 WL 4820429, *1 (S.D. Ill. Oct. 15, 2021) ("[D]istrict courts in the Seventh Circuit require the 'movant [to] establish 'good cause.'")); Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc., No. 17-cv-00949, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017) ("In order to meet this burden, the movant must establish 'good cause.'"). A court may find that there is good cause "when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." Roche Diagnostics, 2017 WL 11573559, at *1 (citing Hard Drive Prods., Inc. v. Doe, 283 F.R.D. 409, 410 (N.D. Ill. 2012)).

The court granted the plaintiff's previous motion to expedite discovery (Dkt. No. 3) so that he could issue subpoenas to Coinbase, Binance and Gemini. Dkt. No. 6. In doing so, the court applied the good cause standard used in Jacobo, 2022 WL 2079766 at *1. Dkt. No. 6 at 8. The Jacobo court found good cause to grant the plaintiff's request to ascertain identifying information for a John Doe defendant who allegedly stole assets and transferred them through several cryptocurrency wallet addresses. Id. This court determined the plaintiff's circumstances were similar to those in Jacobo. Id.

The court now finds good cause to grant the plaintiff's motion for leave to issue additional discovery. Dkt. No. 8. The plaintiff has demonstrated that pursuing a deposition with "the individual identified in the Binance subpoena response" could help him identify and serve the defendants. Id. at 2. The court

17

Case 2:22-cv-00982-PP    Filed 12/13/23    Page 17 of 19    Document 9

authority); Iglesias v. Fed. Bureau of Prisons, No. 19-cv-415, 2021 WL 4820429, *1 (S.D. Ill. Oct. 15, 2021) ("[D]istrict courts in the Seventh Circuit require the 'movant [to] establish 'good cause.'")); Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc., No. 17-cv-00949, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017) ("In order to meet this burden, the movant must establish 'good cause.'"). A court may find that there is good cause "when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." Roche Diagnostics, 2017 WL 11573559, at *1 (citing Hard Drive Prods., Inc. v. Doe, 283 F.R.D. 409, 410 (N.D. Ill. 2012)).

The court granted the plaintiff's previous motion to expedite discovery (Dkt. No. 3) so that he could issue subpoenas to Coinbase, Binance and Gemini. Dkt. No. 6. In doing so, the court applied the good cause standard used in Jacobo, 2022 WL 2079766 at *1. Dkt. No. 6 at 8. The Jacobo court found good cause to grant the plaintiff's request to ascertain identifying information for a John Doe defendant who allegedly stole assets and transferred them through several cryptocurrency wallet addresses. Id. This court determined the plaintiff's circumstances were similar to those in Jacobo. Id.

The court now finds good cause to grant the plaintiff's motion for leave to issue additional discovery. Dkt. No. 8. The plaintiff has demonstrated that pursuing a deposition with "the individual identified in the Binance subpoena response" could help him identify and serve the defendants. Id. at 2. The court

cautions, however, that the plaintiff should review the requirements of Rule 45. See Civ. R. Fed. P. 45(b), (c)(1). Although the court is allowing the plaintiff to conduct additional discovery, any subpoenas he serves must comply with all the requirements of that rule.

**IV. Motion for Extension of Time to Serve Defendants**

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has ninety days after the complaint is filed to serve a defendant. However, "if the plaintiff shows good cause for the failure [to serve a defendant within the allotted time], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

A plaintiff may name a fictitious defendant in the complaint, then utilize discovery to learn the defendant's proper identity. Mancini v. City of Indianapolis, Case No. 16-cv-2048, 2018 WL 4680188, at *8 (S.D. Ind. Sept. 28, 2018). Although there is no prohibition on filing suit against unknown defendants, "John Doe defendants must be identified and served within [90] days of the commencement of the action against them." Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (applying a previous version of Fed. R. Civ. P. 4(m), which allowed 120 days for service); see Fed. R. Civ. P. 4 advisory committee's note to 2015 amendment. ("The presumptive time for serving a defendant is reduced from 120 days to 90 days."). A court may find good cause to extend the time of service if a plaintiff shows he has initiated discovery to identify the fictious defendant. See Aviles, 160 F.R.D. at 568 ("[The plaintiff] has initiated discovery aimed at determining the officers' identities,

18

and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding.").

The plaintiff has demonstrated good cause for the court to extend the time to serve the defendants. Dkt. No. 8. The plaintiff continues to try to serve the defendants by pursuing its subpoena to Coinbase and by seeking to depose the individual identified in Binance's response. The court will give the plaintiff an additional ninety days from the date of this order to serve the defendants. See Fed. R. Civ. P. 4(m).

**V.    Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for contempt. Dkt. No. 7.

The court **ORDERS** that if the plaintiff elects to issue another subpoena to Coinbase, the subpoena rider must comply with the court's January 13, 2023 order, dkt. no. 6, which means he *must* remove requests two through six.

The court **GRANTS** the plaintiff's motion for leave to issue additional discovery. Dkt. No. 8. The court **GRANTS** the plaintiff's motion for extension of time to serve defendants. Dkt. No. 8. The court **ORDERS** that the plaintiff must serve the defendants, or request more time to do so, by the end of the day on **March 12, 2024**.

Dated in Milwaukee, Wisconsin this 13th day of December, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**